**TRI–STATE MINT, INC., a South Dakota Corporation; Robert W. Hoff, Appellants,**

v.

**RIEDEL ENVIRONMENTAL SERVICES, INC., Appellee.**

No. 93–2243.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 16, 1994.

Decided July 12, 1994.

Jeffrey G. Hurd, Rapid City, SD, argued, appellant.

Richard C. Witzel, St. Louis, MO, argued (David A. Dimmitt, St. Louis, MO, and Gary Pashby, Sioux Falls, SD, on the brief), for appellee.

Before McMILLIAN, WOLLMAN and MAGILL, Circuit Judges.

McMILLIAN, Circuit Judge.

Tri–State Mint, Inc., and Robert W. Hoff (hereinafter Tri–State) appeal from a final order entered in the United States District Court[1] for the District of South Dakota dismissing Tri–State's federal diversity action against Riedel Environmental Services, Inc. (Riedel). *Tri–State Mint, Inc. v. Riedel Environmental Servs., Inc.,* No. CIV92–4031 (D.S.D. Apr. 7, 1993) (amended order granting summary judgment). For reversal, Tri–State argues that the district court erred in holding, as a matter of South Dakota law, that Riedel owed no duty of care to Tri–State. For the reasons stated below, we affirm the judgment of the district court.

## I. Background

Tri–State operates a minting facility in Sioux Falls, South Dakota. On January 30, 1989, an employee of the City of Sioux Falls discovered an apparent unauthorized disposal of a chemical solution at the Tri–State site. At that time, Tri–State was using sodium cyanide to process silver. A solution containing cyanide had been partially pumped into a drainage ditch and partially spilled on Tri–State's property.[2] Shortly thereafter, the City pumped the chemical solution into two tanks in a joint effort with the State of South Dakota to contain the spill.

During an investigation into the nature and source of the chemical solution, the State hired Riedel. Riedel worked solely for the State and was under no contractual duty to Tri–State. One of Riedel's responsibilities was to take samples of the solution and analyze it. Due to extremely cold temperatures, the solution in one tank had frozen, causing the tank to burst. The other tank remained intact and still contained some liquid solution. A Riedel technician took samples from the frozen solution which had seeped through the crack in the burst tank and from a spigot on the second tank. Tests of the samples indicated that the solution contained cyanide and other hazardous substances. The State initiated civil and criminal proceedings in state court against Tri–State for environmental violations, including unlawful treatment and disposal of a hazardous substance without a permit. Tri–State settled with the State for $60,000.

Tri–State then brought the present action against Riedel in federal district court. Tri–State alleged that Riedel conducted the sampling and testing in a negligent manner, thus causing inaccurate and false test results, which led to the State's enforcement proceedings against Tri–State. Riedel moved to dismiss or in the alternative for summary

---

1. The Honorable John B. Jones, Chief Judge, United States District Court for the District of South Dakota.

2. Tri–State maintains that the solution had been "neutralized" prior to its disposal.

judgment on grounds that it owed no duty of care to Tri–State at the time it performed the sampling and testing for the State. The district court held a telephonic hearing and ruled orally on the record. The district court considered Riedel's motion as one for summary judgment and granted it on grounds that Tri–State's claim of negligence was legally barred under the public duty doctrine as adopted by the South Dakota Supreme Court in *Hagen v. City of Sioux Falls*, 464 N.W.2d 396 (S.D.1990) (*Hagen*). By written order, the district court entered judgment for Riedel and dismissed the case. *Tri–State Mint, Inc. v. Riedel Environmental Servs., Inc.*, No. CIV92–4031 (D.S.D. Apr. 7, 1993) (amended order granting summary judgment). This appeal followed.

## II. Discussion

█ We review a grant of summary judgment de novo. The question before the district court, and this Court on appeal, is whether the record, when viewed in the light most favorable to the non-moving party shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). The district court disposed of the present case based upon its determination of whether, under South Dakota law, Riedel owed Tri–State a duty of care in sampling and testing the solution found on Tri–State's property, thereby permitting Tri–State to sue in tort. The existence of such a duty is a matter of law. *Gilbert v. United Nat'l Bank*, 436 N.W.2d 23, 27 (S.D.1989). Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate. *Crain v. Board of Police*

*Comm'rs*, 920 F.2d 1402, 1405–06 (8th Cir. 1990).

█ The district court reasoned that Riedel did not owe Tri–State a duty of care because

> the duty of the State of South Dakota regarding discharges of hazardous waste and clean water laws are public duties and when the State hired the defendant Riedel to test substances in question the duties created by that employment remained a public duty. While the State may have been able to sue Riedel on the basis of negligence if they had chose[n] to do so or choose to do so, it is the view of the court that Riedel owes no duty to any private persons who are alleged to have been injured by the alleged negligent testing of the defendant. And that as stated in *Hagen* at page 399, that public duties created by statute cannot be the basis for negligence actions even as against private tortfeasors.

Transcript of hearing at 33.[3]

In *Hagen*, homeowners brought a state court action against the City of Sioux Falls arising out of the City's alleged negligence in inspecting the construction of a garage and an addition to their house. The South Dakota Supreme Court held that the city owed the homeowners no duty of care upon which a cause of action for damages could be premised. The court stated that the duty to inspect, imposed by the city's building code, was owed to the public, not to any particular individual. Citing the Restatement (Second) of Torts § 288 (1965),[4] the court in *Hagen* noted "[i]t is a basic principle of tort law that public duties created by statute cannot be the basis for a negligence action even as against private tortfeasors." 464 N.W.2d at 399.

> [A] legislative enactment ... whose purpose is found to be exclusively (a) to protect the interests of the state or any subdivision of it as such, or (b) to secure to individuals the enjoyment of rights or privileges to which they are entitled only as members of the public, ... does not create a standard of conduct to be used to impose tort liability.

*Hagen v. City of Sioux Falls*, 464 N.W.2d 396, 399 (S.D.1990).

---

3. For purposes of creating a complete record for appeal, the district court also ruled on Riedel's alternate grounds for dismissal. We decline to address those issues because we affirm on the basis of the application of the public duty doctrine.

4. The South Dakota Supreme Court specifically noted that Restatement (Second) of Torts § 288 (1965) provides:

Tri–State argues that the district court erred in applying *Hagen* to the present case because it is not relying on a duty of care created by statute. Rather, Tri–State argues, it is merely relying on the common law duty of reasonable care and skill owed to any foreseeable plaintiff. Tri–State contends that "Riedel is bound by the 'reasonable person doctrine.'" Appellant's Brief at 9. In response, Riedel argues that the right to sue in tort requires more than mere foreseeability; there must be a legally cognizable duty of care. Riedel maintains that the South Dakota water pollution and hazardous waste laws, found at Title 34A of the South Dakota Codified Laws Annotated, authorized the State to bring civil and criminal enforcement proceedings against Tri–State and imposed upon the State (and Riedel as the State's agent) a duty of care to the public, not a private duty of care to Tri–State.

Riedel compares the present case to *Lawyer v. Kernodle*, 721 F.2d 632 (8th Cir.1983) (*Lawyer*), in which this Court applied the public duty doctrine under Missouri state law. In *Lawyer*, a county coroner's office had hired a private physician to perform an autopsy on the plaintiff's deceased wife. The county coroner had statutory authorization to engage an outside private physician to perform the autopsy. The physician's diagnosis of the cause of death was used as evidence in a murder investigation and state prosecution of the plaintiff, but the charges were later dismissed. The plaintiff sued the physician alleging that false charges were brought against him as a result of a negligent diagnosis of the cause of his wife's death. We held, under Missouri law, that the public duty doctrine barred the plaintiff's claim because the physician owed no duty of care to the plaintiff in performing the autopsy. *Id.* at 634. We explained that

> [w]hen a defendant performs an act under a statute creating a public duty, that defendant's duty is to the public and not to any individual.... The exception, of course, is when the statute also was in-

tended to create a private cause of action. We do not find that to be the case here. *Id.* (citations omitted).

The South Dakota Supreme Court has adopted a similar rule applying this "public duty/special duty" distinction. *Hagen*, 464 N.W.2d at 399. Under *Hagen*, a plaintiff may not recover tort damages for a breach of a duty of care which arises solely from a legislative enactment, the purpose of which is exclusively to protect the interests of the state or a subdivision thereof, or to secure to individuals the enjoyment of rights and privileges to which they are entitled only as members of the public. *Id.* (citing the Restatement (Second) of Torts § 288 (1965)). By contrast, liability may be premised upon legislation which "by its terms evidences a clear intent to identify and protect a particular and circumscribed class of persons." 464 N.W.2d at 399.

In the present case, Tri–State seeks to recover damages in tort for actions by Riedel which were taken solely on behalf of the State, as its agent, in performance of the State's duties to inspect and obtain samples of suspected hazardous waste, pursuant to Title 34A of the South Dakota Codified Laws Annotated. The statutes indicate that these are general duties owed to the public as a whole, not to any particular class of individuals which would include Tri–State, a suspected violator.[5] Accordingly, we hold that, under South Dakota's public duty doctrine, Riedel owed no legally actionable duty of care to Tri–State, and Tri–State's claim of negligence must fail as a matter of law.

The order of the district court is therefore affirmed.

---

**5.** S.D. Codified Laws Ann. § 34A–11–1 provides: It is the public policy of this state to regulate the control and generation, transportation, treatment, storage and disposal of hazardous wastes to protect the public health, safety and welfare, protect the environment, prevent pollution of air, water, soil and other natural resources of this state, and prevent the creation of nuisances.